IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CORY SATTERWHITE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-250 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Cory Satterwhite, an inmate currently confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Petitioner contests the validity of a prison disciplinary case number 2000226296 wherein he was charged with attempted assault on an officer. Petitioner was found guilty of the disciplinary violation on July 3, 2020 and received the following punishment: (1) 45 days recreation restrictions, (2) 45 days cell restrictions, (3) 60 days commissary restrictions, (4) demoted in line class, and (5) demoted in custodyclassification. Petitioner asserts falsified evidence was used against him, he was denied due process, the disciplinary hearing officer was biased, there was insufficient evidence to

support a finding of guilt, and no investigation was done during the grievance process. Petitioner concedes, however, he did not lose any good conduct time and is not eligible for release on mandatory supervision.

## Procedural Background

Petitioner filed the above-referenced petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 21, 2020 (doc. # 1). On January 4, 2021, the undersigned entered a Report and Recommendation, recommending the petition be denied as Petitioner did not lose any good conduct time and is not eligible for mandatory supervision (doc. # 2). Petitioner filed a Supplemental Brief (doc. # 3) and Objections to the Report and Recommendation (doc. # 6). In light of the Objections, the undersigned withdrew the Report and Recommendation and ordered Respondent to Show Cause (doc. #s 7 & 8). Respondent filed an Answer with Brief in Support along with the State Court Records on January 11, 2022 (doc. #s 15 & 16). Respondent argues the petition should be dismissed as Petitioner was not entitled to due process as he was not eligible for mandatory supervision and did not lose any good conduct time.

## Discussion

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. State-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995).

In *Sandin*, the Court adopted a new and different methodology for determining whether a state has created a protected liberty interest to benefit prison inmates. *Id*. at 2297-2300. Rather than

focusing on the presence or absence of mandatory statutory or regulatory language, *[See, e.g., Hewitt v. Helms*, 459 U.S. 460 (1983)] the Supreme Court determined that the reviewing court should consider the nature of the challenged state action and whether it involved such a significant departure from normal prison conditions that the state might have conceivably created a liberty interest. *Id.* at 2299.

Protected "interests are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In Texas, prisoners eligible for release on mandatory supervised release, may have a protected liberty interest in previously-earned good conduct time. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Malchi v. Thaler*, 211 F.3d 953, 956-58 (5th Cir. 2000).[1] However, being placed in solitary confinement for a limited amount of time, losing commissary and recreation privileges, being demoted to a more rigorous custody classification, being required to remain in the same time-earning class and being demoted to a classification at which fewer good conduct time credits are earned are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115

---

[1] In Texas, prisoners who are eligible for release on mandatory supervision must be released when certain criteria are satisfied. For example, prisoners who are eligible for release on mandatory supervision are entitled to be released when the time they have served plus the good conduct time credits they have accrued equal their sentence. When the requirements for release on mandatory supervision have been met, officials have no discretion as to whether or not to release a prisoner. However, not all Texas prisoners are eligible for release on mandatory supervision. Inmates convicted of certain crimes are not eligible for such release.

In *Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997), the United States Court of Appeals for the Fifth Circuit explained the distinction between release on parole and release on mandatory supervision in the Texas system. The court stated that release on parole is a discretionary and conditional release of a prisoner so that the prisoner serves the remainder of his sentence under the supervision of the division of pardons and paroles. In contrast, a prisoner released on mandatory supervision serves the remainder of his sentence not on parole, but still under the supervision of the pardons and paroles division. The court, citing *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995), and *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991), stated release on parole was entirely speculative and that there was no constitutional expectancy to release on parole.

S.Ct at 2299; *see also Madison*, 104 F.3d at 768 (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement and do not implicate due process concerns); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (release on mandatory supervision is too speculative to give an inmate a liberty interest in not being demoted to or forced to remain at a classification at which fewer days of good conduct time credits are earned); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause.") *cert. denied, Luken v. Johnson*, 517 U.S. 1196 (1996); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectible property nor liberty interest in his custody classification. . ."), *cert. denied*, 488 U.S. 985 (1988).

      The due process that an inmate must receive in a disciplinary hearing is (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the fact-finders as to the evidence relied on and the reasons for the disciplinary action taken, and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993); *Wolf v. McDonnell*, 418 U.S. 539, 563-66 (1974).

      Here, Petitioner concedes he is not eligible for mandatory supervision and he did not lose any previously earned good time credit. The State Court records provided support this finding. Thus, the punishment imposed on Petitioner as a result of his disciplinary conviction does not implicate a protected liberty interest. Accordingly, Petitioner was not entitled to due process before receiving such punishment.

Recommendation

The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 should be denied.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 28th day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge