IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CORY SATTERWHITE | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-250 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Cory Satterwhite, an inmate confined at the Eastham Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings (doc. # 20). Petitioner filed Objections to the Report and Recommendation of United States Magistrate Judge (doc. # 22). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. See FED. R. CIV. P. 72(b).

In this case, Petitioner did not lose any previously earned good conduct time and he is not eligible for release on mandatory supervision. Therefore, Petitioner has failed to state any grounds for federal habeas relief. To the extent Petitioner may assert his line class status affects his ability to appear before the parole board, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Release on parole is entirely speculative, therefore, there is no constitutional expectancy of parole in Texas. *Id*. As such, the sanctions imposed on Petitioner, including a reduction in line class, do not implicate due process concerns and do not require federal habeas corpus relief. *See Luken v. Scott*, 71 F.3d 192, 193-95 (5th Cir. 1995) (changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest

sufficient to trigger the protection of the Due Process Clause"); *see also Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their *previously earned* good-time credit). Petitioner's suggestion that the court ignore years of Fifth Circuit case precedent is untenable.

Accordingly, Petitioner's Objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further.

Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED** this the **16** day of **August, 2022.**

_____
Thad Heartfield
United States District Judge